STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Respondent,

v.

Robert R. JOHNSON et al., on Exceptions of
Robert R. Johnson, Anne Johnson, R.
Charles Johnson and Eliza Johnson, Appel-
lants.

No. 51025.

Supreme Court of Missouri,

Division No. 2.

July 12, 1965.

Robert L. Hyder, Jefferson City, Samuel C. Ebling, Kirkwood, for respondent.

Lashly & Neun, Paul W. Lashly, Edwin L. Zohner, St. Louis, Jenny, Cole & Davis, James Cole, Union, for appellants.

PRITCHARD, Commissioner.

This is a condemnation action for the taking of a strip of land about 455 feet long, consisting of .37 acre, along old U.S. Highway 66 which fronted upon defendants' "Skylark Motel" property. The motel is located about 2½ miles west of the city limits of St. Clair, in Franklin County, Missouri. The jury's verdict, upon which final judgment was entered, was $8,000; defendants claimed damages in the amount of $98,000. We have appellate jurisdiction by reason of the difference in these amounts exceeding $15,000. Mo.Const.1945, Art. V, § 3, V.A.M.S.; State ex rel. State Highway Commission v. Howald, Mo., 315 S.W. 2d 786, 787 [1]; State ex rel. Kansas City Power and Light Company v. Salmark Home Builders, Inc. et al., Mo., 375 S.W.2d 92, 94 [1]. Plaintiff's motion to dismiss this appeal for insufficient jurisdictional statement is overruled. From defendants' reference in their jurisdictional statement to the record, which we have examined, we have determined the foregoing jurisdictional matters.

Prior to the date of taking herein (August 14, 1963), defendants' motel was upon the northerly side of old U.S. Highway 66. Defendants had an access road directly thereto through an entrance 40 feet wide. The highway ran in a general southwest-northeast direction. Along the westerly side of defendants' property ran Route "WW", also known as Reiker-Ford Road, which intersected at a grade old Highway 66 approximately at right angles, running northerly therefrom. Defendants had an entrance 60 feet wide to Route "WW." Defendants' total property was 20 acres upon 3 acres of which was located the 14 unit motel and a residence. There was a chat driveway 20 feet wide, outlined in shrubbery, directly in front of the office building. There was also a large neon sign advertising defendants' motel between the chat drive and the highway. In the area of the driveway were too small entrance signs. Between the east and west bound lanes of old U.S. Highway 66 was a grass median strip which was improved with crossovers at the intersection with Route "WW" and also about where defendants had their entrance in front of the motel office. According to plaintiff's plans, both of these crossovers will be removed when the outer roadway, below mentioned, is continued in its construction westwardly to an interchange.

The strip of land taken, being in depth about 40 feet and about 455 feet long, was for the purpose of constructing a new outer roadway to limited access Interstate Highway 44. Within the .37 acre appropriated were the sign, 13 evergreens and a portion of the chat driveway. Defendants' entrance now enters the new outer roadway which fronts all along defendants' property in lieu of old U.S. Highway 66. Defendants' entranceway of Route "WW" remains the same.

In answer to interrogatories, plaintiff stated that the Reiker-Ford Road (Route "WW") will not have direct access to Interstate 44, but will in the future have access to and directly join the outer roadway or service road; and that along the outer roadway the nearest interchange would be almost ½ mile to the east of defendants' property, and there would be another interchange to the west thereof an unknown distance.

Inasmuch as the decision here will turn upon the effect of or the construction of reservations of access to the highway in

deeds given to plaintiff, the above statement of facts suffices for the purposes of this appeal. One deed was made July 8, 1949, by Charles and Eliza Johnson (for $100.00) who then owned 10 acres fronting on the highway, and was recorded in Book 169 at page 23 in the Franklin County records. The other was given by Otto and Amanda Meyer, who owned a strip of land similar to the Johnsons, and which was recorded in Book 169 at page 23 in said records. Both properties were thereafter acquired by defendants herein as joint tenants, and from 1951 to 1953 the motel in question was constructed. The reservation in the two deeds is as follows:

"The grantors, for themselves, their heirs, successors, assigns and invitees, reserve the usual right of direct access between their abutting land and any adjacent outer-roadway which may be maintained by a governmental agency on the state highway now designated as Route 66, and over such outer-roadway to the thruway, and during (and only during) such time as no adjacent outer-roadway is so maintained the right of direct access is reserved to and from such thruway over a location indicated on the West side of the road plans as 'P.E.', being 40 feet wide and centered on the right-of-way line opposite Station 714/90 but convey and relinquish all other abutter's right of direct access between said abutting property and the highway (including its right of way) and ownership of said abutting property shall not give any other rights of access greater than or different from those belonging to the general traveling public."

On motion granted October 4, 1963, plaintiff amended its second amended petition by which it struck its former allegation of acquisition of the access rights, and pleaded that it was not acquiring specifically any abutter's rights of direct access from defendants, and that it had acquired such rights by the deeds above mentioned. Prior to the trial, which began May 18, 1964, and

out of the jury's hearing, the court ruled that defendants could not introduce evidence bearing on the value of the loss of direct access to the central throughway upon the ground that such access had been acquired in 1949 by said deeds. The case was tried upon the theory that no rights of direct access were being acquired by condemnation. To this ruling of the trial court defendants' first point is directed. They say that the trial court erred in denying recovery for the taking of the right of direct access because the deed of July 8, 1949, in favor of plaintiff, reserved to grantors, their heirs and assigns, a perpetual right of direct access to U.S. Highway 66. Plaintiff, on the contrary, contends that defendants' predecessors in title by said deeds relinquished all rights of direct access to the throughway except for a temporary right of direct access which terminated on construction of an adjacent outer roadway to new Interstate 44.

We do not regard the wording in the above set forth deed reservation to be ambiguous on its face so that extrinsic evidence would have to be adverted to in order that grantors' true meaning could be ascertained. Defendants point to no ambiguity and seem not here to claim any. They do, however, set forth in the argument portion of their brief certain testimony elicited in the pre-trial hearing upon their motion to strike plaintiff's amendment to its petition, ostensibly to show the intention of the grantors in making said reservation. The trial court did not err, in the pre-trial conference and hearing (at which a proffer of the extrinsic, explanatory testimony was made), in ruling that such extrinsic evidence should not be admitted. Korneman v. Davis, 281 Mo. 234, 219 S.W. 904, 906 [2]; Haley v. Sippley, 317 Mo. 505, 297 S.W. 362, 365 [3, 4]; White v. Kentling, 345 Mo. 526, 134 S.W.2d 39, 43 [3–6]. The true meaning of the reservation here can and should be ascertained from the deed itself, considering it as a whole. Korneman v. Davis, supra, loc.cit. 219 S.W. 907 [3, 4]; Bay v. Stout Sign Company, Mo., 301 S.W.

2d 786, 788 [1–4]; and Boxley v. Easter, Mo., 319 S.W.2d 628, 632 [4]. The parties, however, differ in their interpretations of the wording of the reservation clause of these deeds. We rule against defendants on their contention that there was reserved a perpetual right of access to the through highway. A fair construction of the deed is that there was reserved to grantors (and their heirs, etc.) an access to the throughway during, and only during, such time as there was constructed no outer roadway (adjacent to the throughway). When such outer roadway was constructed (at any time in the future so that it would be available to grantors and their heirs), then the reservation would apply only to that newly constructed outer roadway. Stated another way, there was a temporary right of access to the through lanes of U.S. Highway 66 until such time as an outer roadway was established, at which time the temporary access to the through lanes would cease, and a permanent access would attach to the new outer roadway. The outer roadway is now partially in existence, and will in the future extend to an interchange access 1/2 mile to the east, and to another at an unknown distance to the west. Defendants have what their predecessors reserved, and there is no loss of access here which would be compensable in damages. We need not therefore decide, as urged by plaintiff, whether the somewhat analogous recent cases involving access issues, State ex rel. State Highway Commission v. Brockfeld, Banc, Mo., 388 S.W.2d 862, and State ex rel. State Highway Commission v. Meier, Banc, Mo., 388 S.W.2d 855, rule the defendants' claim for compensable damages.

■ By Point II defendants say there was error in the court's giving of Instruction No. 4. That instruction withdrew from the jury's consideration any evidence relating to the future blocking or closing of County Road "WW" (Reiker-Ford Road) or the possible connecting of the outer road to a future outer roadway; and also any circuity of travel or inconvenience that defendants may suffer which is common to the general traveling public. The evidence showed that there is now access from Route "WW" to the through lanes of U.S. Highway 66 (Interstate 44), but that in the future such access will be cut off, and Interstate Highway 44 will then become limited access in nature. The outer roadway will continue to the west to an interchange of unknown distance, and 1/2 mile to the east. We have held that defendants' reservation gave them access to the outer roadway when constructed. They had no right to access at the intersection of Route "WW" and the through lanes by that reservation, but only at the one entranceway indicated in the reservation. It was within the trial court's discretion to withdraw that issue, which was not in the case, from the jury. Since all persons of the general public necessarily will have to travel the circuitous route of the outer roadway to interchanges (of whatever distance), it was proper also for the court to withdraw from the jury's consideration that general inconvenience. We discern no error in the trial court's giving of Instruction No. 4. Point II is overruled.

Defendants' last Point III presents the contention that the giving of Instruction No. 3 to the jury was error. That instruction is as follows:

"You are instructed that in determining the just compensation to which the Defendant is entitled you shall first determine the fair market value of the Defendants' land and buildings immediately prior to August 14, 1963, and you shall then determine the fair market value of the Defendants' remaining land and buildings immediately after August 14, 1963, and the difference between these before and after values as shown by the evidence will be the damages to which the Defendants are entitled."

■ Defendants say this instruction permits and instructs the jury to assess general benefits against them. Such benefits are not mentioned, and by no construction

can the instruction be said to include them. The damages are merely to be ascertained from a finding of the value of the premises before the taking and the value thereof after the taking. That is the correct rule. Defendants offered no instruction withdrawing or excluding any general benefits by reason of the construction of Interstate 44. The instant instruction states the law. Texas-Empire Pipe Line Co. v. Stewart, 331 Mo. 525, 55 S.W.2d 283, 286 [5]; State ex rel. State Highway Commission v. Wright, Mo.App., 11 S.W.2d 66; compare State ex rel. State Highway Commission v. Goodson, 365 Mo. 260, 281 S.W.2d 858, 861 [4], and MAI No. 9.02. Point III is overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All the Judges concur.