STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

FAMILY MEMORIAL SERVICES INCORPORATED, a corporation,

Exceptions of Noble J. Cooksey et al., Defendants,

Noble J. Cooksey, Ruth Cooksey, Charles M. Hulen and Minnie Mae Hulen, Defendants-Appellants.

No. 33582.

St. Louis Court of Appeals, Missouri.

June 12, 1970.

Hulen, Hulen & Tatlow, Moberly, for defendants-appellants.

Marion E. Lamb, Moberly, Robert L. Hyder, Chief Counsel, Ray Conrad, Asst. Counsel, State Highway Commission of Missouri, Jefferson City, for plaintiff-respondent.

WEIER, Commissioner.

The State Highway Commission by condemnation bisected diagonally from northwest to southeast the eighty-three acre tract of the defendants, Cooksey. The tract could be described as a rectangle with two quarter-quarter sections of approximately forty acres each, stacked north and south so that longitudinal property lines were about twice as long as the latitudinal lines. The right-of-way, 260 feet wide, entered near the northwest corner and extended southeastwardly. When it got near the southeast corner, it fanned out to accommodate a right-angle intersection for the relocation of an east-west roadway, Sinnock Avenue. This roadway was an extension of a city street bearing the same name that gave access to the northeast part of Moberly. At the time the land was taken, February 24, 1960, Sinnock extended along the entire south boundary of defendants' land. At the southeast corner it intersected with a north-south, county road that was adjacent to and gave access to the east side of defendants' land. 19.42 acres were taken for right-of-way. Another 3.47 acres were to be subjected to easements for construction and maintenance of drainage ditches with possession to be returned to the owners after construction, subject to the right of the state to re-enter and maintain the ditches. After the taking, defendants had remaining 22.5 acres in the southwest portion of the original 83 acres with access on approximately 400 feet of Sinnock. 38.5 acres remained in the northeast part of the tract with access on the county road commencing about 400 feet north of the southeast corner of the original tract and extending north to the northeast corner. The highway to be constructed was a new section of U.S. Highway 63, designed to by-pass the City of Moberly.

There was no direct access from the lands of defendants. All traffic would have to enter or depart from the tract by way of existing roadways and then to the highway over relocated Sinnock Avenue.

Before the taking there was a dwelling on the southwest corner of the land. A gas line and city water line extended east of Sinnock Avenue to this place. The property was not served by any sewer or sewage disposal system.

Commissioners appointed by the court found damages to be the amount of $16,-859.50. To this award both the state and the condemnees filed timely exceptions. At the trial, valuation testimony ranged from no damage because of special benefits, to a high of $1,000.00 per acre before the taking with a reduction in value to $500.00 for the land remaining after the taking. The jury returned a verdict in the sum of $7,000.00 for the landowners, and from a judgment on this verdict, they have appealed.

Noble J. Cooksey, one of the defendants, testified that in his opinion, the land had a value of $500.00 to $600.00 per acre on February 24, 1960, the day of taking, and by reason of the taking had depreciated in value so that the land remaining had a reasonable market value of between $200.00 to $250.00 per acre. Mathematical computation reveals that the range of damage according to this defendant commenced at a minimum of $25,605.00 and extended to a maximum of $37,084.00. Deducting the verdict and judgment of $7,000.00 from either sum leaves an amount in dispute exceeding $15,000.00. Witness Stone, called on behalf of the defendants, who gave the maximum valuation previously referred to, enlarged defendants' claim to as much as $51,210.00.

Since the amount in dispute obviously exceeds $15,000.00, jurisdiction on appeal is in the Supreme Court of Missouri. Mo. Const.1945, Art. V, Sec. 3, V.A.M.S.; Sec. 477.040 RSMo 1959, as amended, Laws 1959, S.B.No. 7, Sec. 1, V.A.M.S.; State

ex rel. State Highway Commission v. Johnson, Mo., 392 S.W.2d 251, 252 [1]. The case is therefore transferred to the Supreme Court.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the case is transferred to the Supreme Court.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.