**STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Mis-
souri, Respondent,**

v.

**Wayne DeLISLE et al., Appellants.**

No. 54928.

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1971.

Motion for Rehearing or to Transfer to Court
En Banc Denied Feb. 8, 1971.

Missouri State Highway Commission,
Robert L. Hyder, Chief Counsel, Jefferson
City, George Q. Dawes, Asst. Counsel,
Sikeston, for respondent.

James E. Reeves, Ward & Reeves, Ca-
ruthersville, for appellants.

HOUSER, Commissioner.

This is a landowners' appeal from a
judgment entered upon a jury verdict in a
state highway condemnation action. Com-
missioners awarded landowners $146,603.-
50. Trial of exceptions before a jury re-
sulted in a verdict of $75,000 damages for

landowners. Landowners' expert witnesses testified to damages ranging from $143,385 to $150,000. Experts called by the commission variously fixed the damages at from $53,900 to $67,927. This Court has jurisdiction on appeal as the amount in dispute exceeds $15,000. State ex rel. State Highway Commission v. Langley, Mo.Sup., 422 S.W.2d 309; State ex rel. State Highway Commission v. Johnson, Mo.Sup., 392 S. W.2d 251.

The first question is whether the trial court erred in giving at plaintiff's request Instruction No. 4 and refusing defendants' Instruction No. D–A.

Given Instruction No. 4, which is MAI 3.01 on the burden of proof, follows:

### "INSTRUCTION NO. 4

"In these instructions you are told that your verdict depends on whether or not you believe certain propositions submitted to you. In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. The burden is upon defendants to cause you to believe the propositions necessary to support their claim against plaintiff. If the evidence in the case does not cause you to believe a particular proposition submitted or if you are unable to form a belief as to any such proposition, then you cannot return a verdict requiring belief of that proposition."

Refused Instruction No. D–A, which is MAI 3.02 on the burden of proof in eminent domain cases, follows:

### "INSTRUCTION NO. D–A

"The amount of your verdict depends on what you believe concerning defendant's damages. In determining the amount of your verdict you must consider only the evidence and the reasonable inferences derived from the evidence. If you do not believe certain evidence or if you are unable to form a belief as to certain evidence,

then you cannot consider that evidence in arriving at the amount of your verdict."

■ MAI 3.02 was adopted by this Court on February 10, 1969, effective September 1, 1969. This case was tried on April 14, 1969, prior to the effective date of MAI 3.02. On April 14, 1969 the trial courts of this state were required to give MAI 3.01 in all cases. See Notes on Use, following MAI 3.01: "This instruction must be given in every case." Under Brown v. St. Louis Public Service Co., Mo.Sup., 421 S.W.2d 255, 257, when an MAI instruction is applicable its use is mandatory. The Committee on instructions " * * * felt that the issues in eminent domain cases [were] sufficiently distinctive as to require a special burden of proof instruction," see Committee's Comment following MAI 3.02, but MAI 3.02 had not become effective on the date this case was tried and it was not required to be given at that time. The trial judge had no alternative but to give MAI 3.01 on April 14, 1969. He was obliged to follow the directions of this Court and we cannot convict him of error in so doing.

The Court is not convinced by landowners' argument that Instruction No. 4 (MAI 3.01) imposed a greater burden on them than that required by law, or that it was confusing or in conflict with Instruction No. 2 (to award defendants such sums as the jury believed was the difference between the fair market value before and immediately after the taking). Number 4 (MAI 3.01) imposed upon landowners the precise burden required by the law in force on the date of the trial. It was not confusing or in conflict with No. 2.

■ Landowners complain that the jury was told that their verdict depended upon belief in certain propositions submitted to them in other instructions but that no propositions were submitted in other instructions; that as a matter of fact and law a verdict for landowners was not to be conditioned upon belief in certain propositions submitted because under the undisput-

ed evidence landowners were entitled to a verdict for some amount in any event; that liability was admitted; that even condemnors' evidence showed that substantial damage had been sustained. Propositions *were* submitted by other instructions. In logic, a proposition is an expression in language of anything capable of being believed, doubted or denied; a verbal expression which is either true or false. Webster's New International Dictionary, 2nd Ed. Instruction No. 2 contained two propositions as to fair market value which required the jury to form a belief with respect to such value before and after the taking, under the guidelines proposed by Instruction No. 3, which defined "fair market price" and delineated the factors to be taken into consideration. Each expression of value by landowners' various witnesses was a proposition placed before the jury for them to believe or disbelieve, under the instructions.

Landowners further say that the jury could construe the language of No. 4 to mean that landowners had to prove the amount of their claimed damages (from $143,385 to $150,000) before they would be entitled to anything, and that such a construction by some juror may have resulted in an improperly compromised verdict. That the jurors were not misled into believing that they could not return a verdict for landowners for any amount unless they believed landowners' experts' testimony that they had been damaged upwards of $143,000 is demonstrated by the fact that they rendered a verdict for a substantial sum, in excess of the largest estimate of damages testified to by commission experts. That the suggested construction by some juror may have resulted in an improperly compromised verdict is remote, speculative and conjectural. Landowners' first point is disallowed.

▆ The remaining question is whether the verdict of $75,000 is grossly inadequate and so much so as to indicate prejudice and misconduct on the part of the jury. Misconduct is said to be demonstrat-

ed by the fact that the jury returned its verdict in ten minutes, and by the disparity between this verdict and the verdict approved by this Court in a companion case involving adjacent land. It is argued that the hasty ten-minute consideration shows failure on the part of the jurors to do their job; that the jury had for consideration the testimony of eleven witnesses, nine of whom testified about damages; that what was left of the ten minutes after subtracting the time consumed in going to and from the jury room, electing a foreman and signing the verdict [which landowners estimate could not have exceeded five minutes] shows that the jurors did not deliberate, discuss the evidence or consider the issues. We find no error in the fact that the verdict was returned in ten minutes. The issue was single and simple. It is altogether reasonable to conclude that by attentively listening to the testimony, instructions and arguments the jurors had their minds made up on the issue of damages by the time the last argument was concluded, and that little or no discussion and analysis of the testimony on a witness-by-witness basis was necessary for them to quickly arrive at an agreeable figure. There is no set time that the jury must consume in its deliberations. We may not with confidence say that this jury did not do its duty. See Gaskill v. Cook, Mo.Sup., 315 S.W.2d 747, in which on review of a case which took considerably more time to try and was more complex than this one, and in which the jury returned a verdict in twelve minutes, this Court could not "surely say the jury did not understand the issues and did not conscientiously weigh and evaluate the evidence," and could not say that the mere fact that a jury returns a prompt or speedy verdict demonstrates prejudice, improvidence, or that the verdict was not the result of adequate or serious consideration of the law and the evidence. The opinion in that case cites two illustrative cases upholding verdicts, in one of which the jury in a homicide case returned a verdict in about eight minutes, and in the other of which (a wrongful death case)

the jury acted within ten minutes. Although careful and conscientious consideration of every case submitted to a jury is absolutely essential to the proper administration of justice there is no requirement that a jury must deliberate any particular length of time. We are not entitled to reverse the judgment unless clearly erroneous, State ex rel. State Highway Commission v. Tighe, Mo.Sup., 386 S.W.2d 115, and we cannot say that this verdict, rendered under the watchful eye and careful administration of an experienced and conscientious trial judge, is clearly erroneous. The question of hasty verdict was presented to and considered by him on motion for new trial. His failure to intervene is persuasive in arriving at our decision not to upset this judgment on this basis.

Citing Conlon v. Roeder, Mo.Sup., 418 S.W.2d 152, landowners insist that this Court is committed to the proposition of reasonable uniformity of verdicts. While the rule of uniformity of verdicts is recognized in personal injury actions (of which Conlon v. Roeder was one) we are cited to no authority for the proposition that the rule of uniformity applies to verdicts in eminent domain actions, and we find none. Landowners insist, however, that the Court examine and compare the award made in this same case for the taking of an adjacent tract. State ex rel. State Highway Commission v. DeLisle, Mo.Sup., 425 S.W.2d 938. In that case this Court approved a verdict of $110,000 for taking 22.39 acres of right of way and 25.12 of borrow pit. Landowners say that verdict is irreconcilable and inconsistent with the instant verdict and demonstrates an intolerable disparity. Without tiresome repetition of the facts (collated in the opinion, to which reference is made) there is a substantial difference in the two factual situations, notwithstanding the takings were from adjacent tracts. The land taken and affected in that instance constituted nearly two-thirds of a 75-acre tract. A borrow pit was left full of water, leaving remaining out of the original tract a triangular-shaped 27.49 acres on the east side of I–55 highway. In addition to the taking of the above-described 47.51 acres there was testimony which would have supported a verdict in excess of $100,000 based upon damages resulting from interference with a cattle-feeding operation in which a 160-acre tract had been used in connection with the 75-acre tract, both of which tracts were owned as a unit. We are not saying that a verdict substantially in excess of $75,000 would not have been sustained in the case now being reviewed, but it was the prerogative of the jury to determine the just compensation to which landowners were entitled, State ex rel. State Highway Commission v. Eilers, Mo.Sup., 406 S.W.2d 567, 575, and we adhere to the rule that the amount of an award in a condemnation case will not be disturbed by the appellate court when supported by substantial evidence. There was substantial evidence in this case which supports the verdict, and which indeed would have supported a verdict for several thousand dollars less than $75,000. It is not the function of this Court to weigh the evidence or substitute our view as to what constitutes just compensation for a jury verdict supported by evidence and reached under proper instructions on the measure of damages. Empire Dist. Electric Co. v. Johnston, 241 Mo.App. 759, 268 S.W.2d 78, 84.

No error appearing, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.