STATE ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,

v.

Harve FERGUSON and Mary K. Ferguson, Defendants-Appellants.

No. 28298.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

Strop, Watkins, Hoskins & King, Dan Hale, St. Joseph, for defendants-appellants.

Bruce A. Ring, Chief Counsel, Highway Commission, Jefferson City, Earl H. Schrader, Jr., Darold W. Jenkins, Asst. Counsel, Highway Commission, Kansas City, for plaintiff-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from judgment which required landowners to repay $20,000 of a $130,000 commissioners' award in condemnation. The question is whether a prior conveyance of right of way from landowners to the State, particularly its access reservation provision, was relevant to the issue of damages as to render its exclusion from the jury reversible error. Affirmed.

Harve and Mary Ferguson are the owners of a 748-acre farm which lies immediately west of Platte River, suburban to and east of the city limits of St. Joseph, Missouri. Prior to December 15, 1961, there was no road through their farm. On that date Mr. and Mrs. Ferguson conveyed to the State of Missouri, by and through the State Highway Commission, 49.8 acres in a strip east and west across the farm for relocation of U.S. Highway 36. Construction of the highway left 188 acres north and 560 acres south of the highway. The deed conveyed: "Also, all abutters' rights of direct access between the highway, now known as State Highway U.S. Route 36, Buchanan County, and grantors' abutting land * * * EXCEPT THAT there is reserved and excepted to grantors, their heirs and assigns, the usual right of direct access (1) to any adjacent outer-roadway if and while it may be maintained by proper authority in front of said land, and (2) along it to and from the nearest lane of the thruway or public highway, and (3) at all times when no outer-roadway is being so maintained, there is reserved and excepted the right of direct access to said Route 36 over three 20-foot entrances (1) centered at the northerly right-of-way line opposite Station 321 + 25; (2) centered at the southerly right-of-way line opposite Station 321 + 25 and (3) [not in issue]."

On December 14, 1972, the Commission approved plans and specifications for an improvement of relocated Route 36 from Route I–29 east to Platte River which affected the right of way across the Ferguson farm. On January 5, 1973, in furtherance of the project, the Commission filed its petition to condemn and acquire from Mr. and Mrs. Ferguson: " * * * all abutters' rights of direct access between the highway now known as State Highway U.S. Route 36 and its right-of-way and defendants' abutting land * * * lying west of the Platte River * * *."

The plans and specifications do not call for construction of outer roadways on the original right of way acquired by the 1961 deed, and plans and specifications for the original construction, approved prior to December 15, 1961, did not call for construction of outer roadways in front of either of the Fergusons' remaining tracts. The original construction included the two 20-foot entrances at Station 321 + 25; and, prior to the present taking May 24, 1973, they provided access for Mr. and Mrs. Ferguson to, from, and across Route 36 and the right of way on which it was constructed.

Prior to approval December 14, 1972, of the plans and specifications for the present improvement project, the chief engineer and staff for District One of the Commis-

sion studied and considered outer roadway possibilities for Route 36 from the Riverside overpass at the west end to the west boundary of the Ferguson farm on the east end. Such discussions did not involve continuations on east to the Platte River; and the plans and specifications approved December 14, 1972, did not call for outer roadways in either location.

The landowners moved to exhibit the December 15, 1961, deed to the jury, which motion the court denied. The landowners also made an offer of proof of the deed which the court also denied. The court's ruling was "that you cannot show the deed * * * into evidence; that it cannot be put into evidence, and that the jury is to be told somehow that they are taking all of their rights of access to Highway 36 that they now have, which are these two points; and that the landowners cannot argue about them taking away the right to the use of an outer-roadway, or the right to build or no longer build an outer-roadway; and that the Highway Commission shall not argue to the jury they still have the right to use an outer-roadway if one is ever built.

"This case will be tried on the proposition, as far as this jury is concerned, that the landowners have the right of access at two points, and when this action is over they won't have those any more, and they can assume that they never will have them * * *."

Appellants argue the court erred in its ruling in that it caused the landowners to try their case on the theory they "were only losing access of two 20-foot entrances when in fact they were losing all of their rights of access as prescribed in the deed which gave them temporary access by way of two 20-foot entrances and permanent access by way of an outer road." They argue also that "if it was not clear that the deed reserved a dual right of access [temporary access by the two entrances and permanent access by an outer road], then at least it was ambiguous"; and the judge's ruling with respect to the effect of the deed "was not in keeping with the decided cases on the same language in the deed." Appellants

assert also that "both parties understood that at the time of the execution, delivery and acceptance of the deed [of December 15, 1961] that if the Highway Commission chose to make Highway 36 non-access, the only permanent access that [they] could have to Highway 36 would have to be by way of outer roads. * * * The Court should have admitted the deed in evidence and correctly instructed the jury on the meaning of the reservation in the deed and allowed proof of loss of diminution in value because of loss of the outer roads and allowed counsel to argue those damages." Appellants' position is further stated, "Counsel could not argue about [their] loss because of the Highway Commission's decision not to build an outer road."

The difficulty in appellants' position is that there was no taking of outer roadways or access to outer roadways. This is necessarily so because the landowners have never had access to outer roadways to be taken. The unambiguous exception and reservation in the December 15, 1961, deed provided landowners with access to any outer roadway adjacent to their remainders "if and while it may be maintained"; and direct access to Route 36 over three 20-foot entrances "at all times when no outer-roadway is being so maintained." No outer roadway had ever been maintained as of the taking of May 24, 1973. There is nothing to show that the Commission was obligated to build outer roadways; and this is not an action on breach of any suggested promise to build outer roadways. Consequently, the taking May 24, 1973, of "all abutters' rights of direct access between * * * Route 36 and its right-of-way and defendant's abutting land" could affect and take only the two direct access entrances to Route 36. Landowners' right of access to any outer roadway which may be maintained adjacent to their remainders is unaffected by this condemnation.

The issue in the case, correctly delineated by the court, was the damages to be awarded for loss of the two direct entrances; and this was properly submitted by Instruction No. 3, in form M.A.I. 9.02. The deed, par-

ticularly the exception and reservation provision, was irrelevant and extraneous to and confusing of the issue. Accordingly, it was not error for the court to exclude it.

Appellants' difficulty is further demonstrated by the distinction of their citations, *State v. Johnson,* 392 S.W.2d 251 (Mo.1965), and *State v. DeMarco,* 422 S.W.2d 644 (Mo. 1968), and this case. In both those cases the plans and specifications called for construction of outer roadways; and the question was not whether there would be outer roadways but whether the abutting landowners were entitled to damages for loss of their prior existing direct access to the traffic lanes of the highway when their new access was to and by way of the outer roadways to be and which were constructed in front of the abutting remainders.

Judgment affirmed.

All concur.