# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00766-CV

---

**Jacqueline Tomhave, Appellant**

**v.**

**The Oaks Psychiatric Hospital, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. 97-11117, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING**

---

Jacqueline Tomhave, a licensed therapist, filed a retaliatory discharge action against her employer, The Oaks Psychiatric Hospital, and sought exemplary damages. *See* Tex. Health & Safety Code Ann. § 161.134 (West 2001) (whistleblower cause of action for hospital employee who reports illegal activity to supervisor or others). Both parties conducted discovery and after the cause had been pending for more than two years, the Hospital filed a no-evidence summary judgment motion. *See* Tex. R. Civ. P. 166a(i). The Hospital contended that Tomhave could provide no proof to support the causation element of her retaliatory discharge claim and she could provide no proof that the Hospital acted with malice to support her claim for exemplary damages. Tomhave responded to the motion and submitted proof she contended raised issues of fact regarding causation and exemplary damages. The district court granted the Hospital's motion. On appeal raising two issues, Tomhave contends that she presented proof that raised fact issues on both elements of causation and

punitive damages. We will reverse the judgment and remand the cause to the district court for further proceedings.

**Background**

Because this appeal follows a no-evidence summary judgment, we review the summary judgment proof in a light most favorable to the appellant. *Moore v. K-Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.).

The Hospital treats juvenile and adult sex offenders. Tomhave began working as a therapist at the Hospital in 1994. In June 1997, Tomhave returned from a brief vacation and learned that one of her juvenile patients had possibly had a sexual relationship with a Hospital staff employee. On June 2, Tomhave called Kat Neuberry, the Program Administrator, and told her that she had learned of an allegation that a Hospital staff employee may have been involved in a sexual relationship with one of her patients, that such conduct might be a felony offense, and that the incident should be reported to the Hospital's licensing agency, the Texas Department of Protective and Regulatory Services, for a possible investigation. According to Tomhave, Neuberry responded to her angrily and emphatically stated that "there was no proof of that." Tomhave interpreted Neuberry's comment to mean that Tomhave had no proof that there had been a sexual relationship between a Hospital staff employee and a juvenile patient.

On June 5, Tomhave, another therapist, and the unit coordinator held a group therapy session with the patients in Tomhave's unit. Tomhave informed the patients that she needed to discuss certain inappropriate incidents that occurred and she needed the group members to talk about

2

those incidents as well as any other possibly inappropriate acts that had occurred within the unit. The group members told her that Hospital staff employees had purchased tobacco and rented R-rated movies for them, both of which were violations of Hospital rules. After this discussion, a group member talked about an incident when another group member bragged to him that he had sex with a Hospital staff employee. Immediately after this statement, the other therapist and the unit coordinator left the session and went directly to Neuberry's office. After the group session, Tomhave also went to Neuberry's office to discuss again the possiblity that one of her patients had had a sexual relationship with a Hospital employee but Tomhave was not allowed to enter Neuberry's office. The next day, Tomhave was placed on suspension for "having inappropriate boundaries with the [patients]." On June 11, Tomhave was interviewed by Neuberry and others regarding her suspension. On June 13, Tomhave's suspension was converted to a termination for violations of clinical practice standards.

Tomhave believed that the Hospital's stated reason for terminating her employment—violations of clinical standards—was a pretext. She believed that the real reason her employment was terminated was because she in good faith reported to Hospital authorities the possibility of a sexual relationship between a Hospital staff member and one of her patients, which was possibly a criminal offense and probably violated a rule of either the Texas Board of Health and Mental Retardation or the Texas Board of Health, and further that she suggested Neuberry report the incident to the Department of Protective and Regulatory Services so it could conduct an investigation.

On September 29, 1997, Tomhave filed suit alleging that the Hospital terminated her employment in retaliation for her report to the Program Administrator of the Hospital that there

3

possibly had been a sexual relationship between a juvenile patient and a Hospital staff employee. *See* Tex. Health & Safety Code Ann. § 161.134. On October 9, 2000, the Hospital filed the no-evidence summary judgment motion to which Tomhave responded. Tex. R. Civ. P. 166a(i). The district court granted the Hospital's motion and Tomhave appeals.

**Discussion**

*Standard of Review*

After an adequate time for discovery, a party without presenting proof may move for summary judgment based on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). The respondent to a no-evidence summary judgment motion is not required to marshal its proof but need only point out evidence that raises a fact issue on the challenged elements. Tex. R. Civ. P. 166a cmt. 1997. In reviewing a no-evidence summary judgment, we apply the same standard used in reviewing a directed verdict. *Moore*, 981 S.W.2d at 270; *Jackson*, 979 S.W.2d at 70. We review the evidence in the light most favorable to the respondent, disregard all contrary evidence and inferences, and resolve all doubts in the respondent's favor. *Moore*, 981 S.W.2d at 70. A no-evidence summary judgment is improperly granted if the respondent points out more than a scintilla of probative evidence that raises a genuine issue of material fact. *Id.*; Tex. R. Civ. P. 166a(i). That is, a no-evidence summary judgment is reversible if the respondent points to evidence in the record that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

4

***Retaliatory Discharge Cause of Action***

A hospital, mental health facility, or treatment facility may not suspend or terminate the employment of an employee for reporting to the employee's supervisor, an administrator of the facility, or a state regulatory agency a violation of law. Tex. Health & Safety Code Ann. § 161.134(a). A plaintiff who prevails in a retaliation suit under section 161.134 may recover actual and exemplary damages and reasonable attorney's fees. *Id.* § 161.134(c), (d). A plaintiff claiming retaliation under section 161.134 has the burden of proof, except that the statute contains a rebuttable presumption that the plaintiff's employment was terminated for making a report related to a violation if the termination occurred before the sixtieth day after the date on which the plaintiff made a report in good faith. *Id.* § 161.134(f). Nothing indicates that this presumption is anything other than an ordinary rebuttable presumption which does not shift the burden of proof. *Texas Water Rights Comm'n v. Wright*, 462 S.W.2d 642, 646 (Tex. 1971). It is the type of rebuttable presumption that can stand only in the absence of evidence to the contrary. *Id.* (citing IV Wigmore, *Evidence*, §§ 1353, 1356 (3d ed. 1940)). Once rebutted, the presumption vanishes and the facts that gave rise to the presumption remain for the finder of fact's consideration even though the presumption has vanished. *Garza v. City of Mission*, 684 S.W.2d 148, 152 (Tex. App.—Corpus Christi 1984, no writ) (citing *Wright*, 662 S.W.2d at 646).

The essential elements of a retaliatory discharge cause of action under section 161.134 include:

> (1) that the employee was suspended, terminated, disciplined or otherwise discriminated against;

5

(2)   the employee reported a violation;

(3)   the report was made to a supervisor, an administrator of the facility, a state regulatory agency, or a law enforcement agency; and

(4)   the report was made in good faith.

*Id.* § 161.134(a), (f).   The Texas Supreme Court established a general causation standard to be applied in whistleblower and similar cases, stating "the employee's protected conduct must be such that, without it, the employer's prohibited conduct would not have occurred when it did." *Texas Dept. of Human Servs. v. Hinds*, 904 S.W.2d 629, 636 (Tex. 1995).   We see nothing in the Health and Safety Code that would cause us to depart from the "but-for" causation standard that has been applied in other whistleblower cases. *Id.*   Thus, in order to prevail at trial, Tomhave would be required to prove by a preponderance of the evidence that the Hospital would not have terminated her employment when it did "but for" her report.

***Review in this Cause***

In its no-evidence summary judgment motion, the Hospital contended it was entitled to summary judgment because Tomhave could point to no proof showing that but for her report, her employment termination would not have occurred when it did.   The Hospital contended that Tomhave relied solely on her own subjective beliefs and the timing of her termination to show a causal nexus between her report and her employment termination.   The Hospital contended that this proof did not rise to a level that would enable reasonable and fair-minded people to differ in their conclusions that Tomhave's employment would have been terminated when it was regardless of her

6

report. Additionally, the Hospital contended that Tomhave could produce no evidence that the Hospital acted with malice to support her claim for exemplary damages.

On appeal, Tomhave contends that she presented sufficient proof to the district court to overcome the Hospital's no-evidence summary judgment challenge on the issues of causation and punitive damages. Courts recognize the inherent difficulty of producing direct evidence of an employer's improper motivation for terminating employment, particularly at the summary judgment stage of legal proceedings. *See Ruiz v. City of San Antonio*, 966 S.W.2d 128, 132 (Tex. App.—Austin 1998, no pet.) (citing *Castenada v. Texas Dep't of Agric.*, 831 S.W.2d 501, 505 (Tex. App.—Corpus Christi 1992, writ denied)). Consequently, causation may be established by either direct or circumstantial evidence and reasonable inferences from such evidence. *Paragon Hotel Corp. v. Ramirez*, 783 S.W.2d 654, 658 (Tex. App.—El Paso 1989, writ denied). Factors including timing, adverse employment action taken soon after the protected activity; knowledge of the protected activity by employees making the decision to suspend or terminate employment; a negative attitude towards the protected activity; deviation from company policy or disparate treatment of similarly situated employees; and whether the stated reason for employment termination is false or only a pretext all can be considered circumstantial evidence that a report of unlawful activity caused or led to termination of employment. *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). While these factors are not exclusive, they reflect the type of circumstantial proof that could tend to establish causation in a retaliatory termination case. *Investment Props. Mgmt., Inc. v. Montes*, 821 S.W.2d 691, 694 (Tex. App.—El Paso 1992, no writ).

Tomhave initially reported the possible violation on June 2, 1997. She again attempted to report it only a few days later when another patient suggested that there had been a sexual relationship between a juvenile patient and a Hospital staff employee. When Tomhave went to discuss the issue again with Neuberry, Tomhave found Neuberry's office door locked and Tomhave's coworkers who had been present at the group session refused to discuss the events with her after they left Neuberry's office. The next morning, Terri Lipp, Tomhave's direct supervisor, called her into Lipp's office. During this meeting, Tomhave again reported the possibility of a sexual relationship between a Hospital staff employee and one of the patients. Lipp then suspended Tomhave's employment pending an investigation of her inappropriate boundaries with a patient. A week later Tomhave's employment was terminated for violations of clinical practice standards rather than inappropriate boundaries with a patient.

Section 161.134 provides that timing in a retaliatory discharge claim is so important that a rebuttable presumption exists if employment is terminated within sixty days of an employee's report of a violation. Tex. Health & Safety Code Ann. § 161.134(f). Even if the presumption is rebutted, the facts surrounding the timing of suspension and termination remain for the finder of fact's consideration because a verdict for retaliatory discharge may be based upon the immediacy of suspension or termination following a report. *Garza*, 684 S.W.2d at 152. Tomhave also pointed out the negative attitude displayed by Neuberry and Lipp toward her when she first reported the possible sexual relationship and later when she attempted to discuss the incident further with them. Neuberry immediately became very angry when Tomhave initially reported the incident to her. According to Tomhave, rather than inquire about the incident, Neuberry started yelling at her and told her there

8

was no evidence that there had been a sexual relationship between a staff employee and a juvenile resident. Neuberry and Lipp both directed Tomhave not to investigate any of the allegations. Tomhave, as the therapist for the juvenile resident sex offender allegedly involved in the incident, had a professional obligation in discovering whether her patient had in fact engaged in recent and improper sexual activities. Tomhave contends that Neuberry's and Lipp's instruction to her that she not investigate her patient's activities exhibited a strong negative attitude on their part from which a reasonable finder of fact might conclude that she was discharged for reporting the violation.

Tomhave also contends that the fact that she was first suspended for one reason and then terminated for a different reason further demonstrates that the reason given for her employment termination was merely a pretext. Finally, Tomhave contends that before her suspension and termination, she had never before been suspended, reprimanded or counseled about any negative job performance.

We hold that Tomhave has pointed to proof, including among other facts the timing of her termination and the immediately negative reaction of her superiors, that gives rise to a material fact issue about the causal link between Tomhave's termination and her report to Neuberry of a possible sexual relationship between a staff member and a juvenile patient and her suggestion that the incident be reported to regulatory authorities. These same facts, coupled with the change in reasoning for her suspension and her employment termination create an issue of material fact about whether Tomhave's employment was terminated in retaliation for her report of a possible violation of law.

## Conclusion

Viewing the summary judgment proof in a light most favorable to the respondent to the no-evidence summary judgment motion, we hold that Tomhave pointed to proof that would enable reasonable people to differ in their conclusions about the elements of causation and exemplary damages in Tomhave's retaliatory discharge action. Tomhave's issues are sustained. The judgment is reversed and the cause is remanded to the district court for further proceedings.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Reversed and Remanded

Filed:   February 28, 2002

Publish

10