STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Plaintiff-Respondent,

v.

Charlie W. LANCASTER et al. on Excep-
tions of Michael P. Norman et al., De-
fendants, ·Michael P. Norman, Defendant-
Appellant.

No. 34053.

St. Louis Court of Appeals, Missouri.

Sept. 28, 1971.

Fortus & Anderson, Sidney Fortus, Ed-
ward Lander, Clayton, for defendant-appel-
lant.

Robert L. Hyder, Chief Counsel, Mis-
souri State Highway Comm., Jefferson
City, R. Jon Bopp, Legal Division, Mis-
souri State Highway Comm., Kirkwood,
for plaintiff-respondent.

WEIER, Commissioner.

Condemnation by the State High-
way Commission to take .13 acre of ground

for highway purposes. From a verdict and judgment on October 7, 1970, awarding defendants $3,000.00, an appeal was taken to the Supreme Court of Missouri. We have received the case on transfer from that court. Since the highest estimate of damages in defendants' evidence was $20,000.-00, and the jury verdict was $3,000.00, the difference of $17,000.00 was the amount in controversy and places jurisdiction in this court. Missouri Constitution, 1945, Article V, Section 3, V.A.M.S.; Section 477.040 RSMo 1969, V.A.M.S., amended by Laws 1969, 3rd Ex.Sess., H.B.No.34, § 1; State ex rel. State Highway Commission v. Johnson, Mo., 392 S.W.2d 251, 252[1].

In 1963, defendant Michael P. Norman, by purchase for the sum of $115,000.00, became the owner of the real estate affected by this condemnation proceeding. The property was located at Wright City. It was an irregular-shaped tract of 3.31 acres on the south side of U. S. Highway 40, with a frontage of 357 feet. The land was improved with an 18-unit motel building and a residence-office building. The part taken on May 19, 1964 by the highway commission, which measured .13 acre, was in the northwest part of the tract. In form, it was a long, narrow, truncated triangle, with its base at the northwest corner, extending eastwardly along U. S. Highway 40, gradually narrowing, until it ended at the entrance driveway of the motel. On this strip of land were floodlights, a sign, trees and rose bushes.

The defendants against whom suit was filed were Norman and the trustee and cestui que trust under a deed of trust. Only Norman appealed.

On appeal, defendant Norman initially contends the trial court committed reversible error in its rulings on two matters which occurred during the course of the trial. The first incident arose upon examination of plaintiff's first valuation expert by plaintiff's counsel. In questioning this witness, the following took place:

"Q. Now, if we are going on speculation around here, if the water did back up onto the Texaco property and also onto Mr. Norman's property would that be caused by the drainage, where the drainage is located, or could it be caused by other factors?

"MR. LANDER: Your Honor, that is speculation, 'Could it be caused.'

"THE COURT: We have been speculating all afternoon. Overruled. ·

"Q. (by Mr. Bopp) Could it be? A. It could be, I guess.

"Q. Could it be backed up because the natural drain is clogged?

"MR. LANDER: I want to object again, Your Honor, on the grounds that that's speculative.

"THE COURT: Overruled.

"THE WITNESS: It could be. If this ditch that was along the commercial property, which extended up into the Texaco property, if it became clogged it would natural—it's all low and there would be a spreading of the water. But it would not be very deep.

"Q. (by Mr. Bopp) And if there was junk automobiles at the southeast end—or southwest corner of the property could that cause the water to back up?

"A. Any obstruction would cause it to back up.

"Q. So there are other factors that can cause water to back up other than the situation of where the drain is?

"A. Right."

Defendant asserts that plaintiff's counsel, by the way he framed his questions, sought and obtained speculative testimony from his witness. We agree that this line of interrogation purposely developed speculation, but it was developed on redirect-examination to refute unfavorable inferences brought out on cross-examination. The re-

direct-examination followed a considerable period of cross-examination, wherein the expert witness was pressed to give his opinion as to why an area of defendant Norman's land next to the part taken was subject to overflow of surface waters and drainage problems, when the witness had never found this condition to exist, even though he had stopped there one time in the rain and found the water running off in its regular channel. Following this, the witness was pressed by defendant's counsel into admitting that if he had found about one-half acre of defendant Norman's land was caused to suffer a wet or marshy condition because of highway construction, he would have changed his mind on the amount of damages. This was done despite the witness' protestations that he himself had never found this condition to exist.

"The accepted purpose of redirect-examination is to give a witness an opportunity to rebut or avoid the effect of testimony elicited on his cross-examination; and to that end he may properly be interrogated on his redirect-examination as to matters which tend to refute or remove any unfavorable impressions or implications that might have arisen from things brought out on his cross-examination." Cooley v. St. Louis Public Service Co., Mo.App., 236 S.W.2d 31, 35[3]. Where, on cross-examination, one party opens up a line of inquiry designed to discredit a witness in front of the jury, courts go very far in permitting the other party, on redirect-examination, to bring out those aspects of the matter which are favorable to the witness, even though, without the foundation afforded by the cross-examination, the evidence brought out would be wholly unjustifiable. The scope and extent of the redirect-examination is largely within the discretion of the trial court, and its ruling will not be disturbed on appeal unless an abuse of discretion is clearly shown. Thus, it has been held that a witness should be allowed to relate the circumstances under which he signed a statement used in cross-examination, even though it disclosed a settlement between the witness and defendant trucking company. Johnson v. Minihan, 355 Mo. 1208, 200 S.W.2d 334. Also, a witness may be allowed to relate on redirect-examination that a statement was procured by a representative of defendant's insurance company. Turner v. Caldwell, Mo.App., 349 S.W.2d 493. Or, a witness on redirect-examination may be called on to relate additional hearsay, where she had previously been cross-examined as to a part of certain conversations. Nichols v. Nichols, 147 Mo. 387, 48 S.W. 947. And where a witness was cross-examined extensively as to why she had not returned to a doctor for medical treatment, so as to imply that she had not been injured in the manner complained of, it was within the discretion of the trial court to allow her to reply on redirect-examination that she could not afford the treatment and had been unable to pay her doctor. Long v. F. W. Woolworth Co., 232 Mo.App. 417, 109 S.W.2d 85.

Here, the speculative testimony followed other speculation on cross-examination in order to dispel the idea that the witness had changed his mind on the amount of damages based on factors which the jury might infer the witness knew existed but was either concealing his knowledge or, because of neglect, had failed to discover at the time of his inspections. Considering that the questions and answers occurred on redirect-examination to refute or remove unfavorable impressions that might follow the cross-examination of the witness, within the framework of the facts of this case, we cannot say the trial court abused its discretion in overruling the objection.

■ The other point raised on appeal, arising out of this occurrence, was directed to the prejudicial effect of the comment made by the court at the same time the objection referred to above was overruled. The comment was: "We have been speculating all afternoon." It is, of course, improper for a trial court to indicate any opinion as to the weight or sufficiency of

the evidence, and if a proper objection had been made at this time to the court's comment, we would have had to determine whether prejudicial error had been committed. But to this statement by the court, no objection appears in the record. Since no objection or request of any kind was made, the alleged error is not preserved for appellate review. Southall v. Columbia Nat. Bank, Mo.App., 244 S.W.2d 577, 583[9].

■ Defendant Norman next contends the trial court committed error in failing to sustain an objection to a portion of the argument of plaintiff's counsel. This came about when plaintiff's counsel was trying to refute defendant's claim that the highway construction had changed the natural drainage, causing a marshy or swampy condition on about one-half acre of defendant's land. There was a drain under the highway 22 to 40 feet west of defendant's property. A concrete-lined ditch constructed after the condemnation to carry off surface water ran along the highway side of defendant's land toward that drain and passed Texaco property after it ran west of defendant's land. The water in this ditch flowed downhill to the west. The evidence was not clear as to the source of water which defendant contended flooded his property, but there was an indication that it backed up from the Texaco property to the west, due, in part, to construction of a parking lot which blocked the natural drainage. The dispute over whether there was a drainage problem, and, if so, what caused it, was one of the most hotly contested issues in the trial of the case. In commenting on this issue, plaintiff's counsel alluded to evidence that all the natural drainage went to the west to the Texaco property. He then pointed out the culvert drain had not been changed but rather had been extended and the absence of any evidence on how land had been changed to the west. Further, that this was Texaco property and Mr. Norman should address his complaints to them for throwing the water on his land. To this defendant's

counsel objected, stating: "Your Honor, I object to that. That's not a proper statement of the law. He knows surface water is a common enemy and that is not the law and I ask the Court to instruct the jury to the contrary. THE COURT: No, overruled."

We cannot say the court committed reversible error when it overruled this objection. In the first place, counsel are permitted a wide latitude in discussing the facts and arguing inferences from the evidence, even though the inferences drawn may appear to be illogical or erroneous, but they are not permitted to go beyond the issues and urge theories which the evidence does not justify. Furthermore, the trial court is vested with a broad discretion in ruling on the propriety of jury arguments and determining whether prejudice has resulted. The exercise of this discretion will not be disturbed unless it is clearly abused. S. G. Payne & Company v. Nowak, Mo.App., 465 S.W.2d 17, 20[5, 6]. In the case before us, some of the evidence indicated a change in the contour of the land to the west had occurred when a parking lot was constructed. Defendant's evidence was not at all clear as to the source of the water about which he complained. Overruling the objection to the argument was well within the discretionary power of the court.

In the second place, defendant's counsel objected to the argument as an improper statement of the law and asked the court to instruct the jury to the contrary. The argument of plaintiff's counsel suggested a course of action to defendant; that he ask Texaco to change the drainage, but did not state a legal rule or theory. Defendant's request that the court instruct the jury on the correct law could not be complied with since such an instruction at that point would have been improper and such action by the court would be based upon an alleged statement of counsel as to the law which was not in fact a statement of a rule of law. He sought a favorable ruling be-

cause of an invalid reason and relief which could not be granted.

■ We pass to the last assignment of error. Defendant asserts the damages awarded him were grossly inadequate. This would appear to be an assignment that the verdict was inadequate, even though the word "grossly" was used, since counsel for appellant did not charge prejudice or misconduct of the jury. However, in either event, defendant has shown no basis for appellate relief. Inadequacy of the award as a reason for a new trial is actually the same ground as the verdict being against the weight of the evidence. A ruling granting or denying a new trial because of the inadequacy of the verdict, being a ruling on the weight of the evidence, is peculiarly within the discretion of the trial court, which may weigh the evidence, a function which appellate courts will not assume in the review of jury-tried cases. Foster v. Rosetta, Mo., 443 S.W.2d 183, 185[1]; Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22, 26[7, 8]. Since the jury at the trial and the trial judge, in overruling the motion for new trial, have passed on the credibility of witnesses and the weight of the evidence, the approval of the trial court is conclusive on appeal, unless it is so shocking and grossly inadequate as to indicate the amount of the verdict was due to passion and prejudice of the jury. Long v. Hooker, Mo., 443 S.W.2d 178, 182[7, 8]. Let us next consider that defendant contends the verdict was so grossly inadequate as to show bias and prejudice on the part of the jury. Defendant Norman gave as his estimate of his damages the sum of $20,000.00. He offered no expert testimony on value. The Highway Commission produced three witnesses who qualified as real estate brokers or appraisers. They arrived at three different opinions on defendant's loss: $2,605.00; $2,700.00; and $2,850.00. Defendant's engineer estimated the cost of correcting the drainage problem, which he ascribed to the plaintiff's drainage ditch, at $6,095.00. The verdict of $3,000.00 was within the range of the damages set by competent opinion evidence introduced by both plaintiff and defendant. Since the award is supported by substantial evidence, the amount thereof in a condemnation case will not ordinarily be disturbed by an appellate court. It is the prerogative of the jury to determine the just compensation to which landowners are entitled in such cases. Public Water Supply District No. 2 of Jackson County v. Alex Bascom Co., Mo., 370 S.W.2d 281, 290[12]; State ex rel. State Highway Commission v. DeLisle, Mo., 462 S.W.2d 641, 643[3, 4]. The mere fact that there is a disparity between estimates of expert witnesses is not a sound reason for appellate courts to disturb the verdict in condemnation cases. Missouri Public Service Company v. Hunt, Mo.App., 274 S.W.2d 27, 31[7].

The judgment below is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment below is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.