Danny B. MORRISON, pro ami, et al.,
Plaintiffs-Respondents,

v.

Donald Lee THOMAS, Defendant-Appellant.

No. 25735.

Missouri Court of Appeals,
Kansas City District.

June 5, 1972.

Brown, Douglas & Brown, Wendell E. Koerner, Jr., St. Joseph, for defendant-appellant.

Downs & Pierce, Don Pierce, St. Joseph, for plaintiffs-respondents.

PER CURIAM:

The jury in the court below awarded a verdict to plaintiffs for damages arising from an automobile intersection collision between a Volkswagen, driven by plaintiff Danny Morrison (hereinafter referred to as "the plaintiff") and a Dodge driven by defendant. After the overruling of his motion for judgment in accordance with his motion for directed verdict or for a new trial, defendant appeals to this court. He assigns four points of error, which we consider in order.

I

Defendant's first point is that the trial court erred in refusing to direct a verdict for defendant on the ground that plaintiff was contributorily negligent as a matter of law. The basis for contributory negligence urged by defendant is excessive speed on the part of plaintiff. The parties stipulat-ed that the speed limit on the street in question was 30 miles per hour.

As bearing upon plaintiff's speed, defendant introduced evidence that plaintiff's Volkswagen caused skid marks on the pavement measuring 104 feet in a straight line, and that there were additional skid marks in a curve to the point of the accident, measuring 7 feet to the right rear tire and 9 feet to the left rear tire. His evidence also showed that plaintiff's skid terminated by his Volkswagen colliding against defendant's Dodge with such force that the Dodge was knocked into a Mercury automobile which was in the lane to the south headed in the opposite direction. Both the Dodge and the Mercury suffered substantial damage. An expert witness testified for the defendant that if the Volkswagen had come to a full stop at the end of its skid without hitting anything, the length of the 104 feet skid would show that plaintiff's minimum speed would have been 41.25 miles per hour. The same witness testified that at a speed of 30 miles per hour the total stopping distance under normal conditions should be 88 feet, which total distance allows 33 feet for reaction time and 55 feet for braking distance. In addition, defendant introduced the testimony of Mrs. Ranny who stated that she observed the collision and who estimated plaintiff's speed to have been at least 40 miles per hour. In opposition to that testimony offered by the defendant, plaintiff's own testimony was that he was driving at the speed limit of 30 miles per hour.

So far considered, the evidence presented simply a factual conflict. However, defendant seeks to convert this factual issue into a question of law by resorting to the doctrine of judicial notice. His contention in this regard is double-barrelled. The first part of the argument is that judicial notice should be taken that an automobile travelling at the rate of 30 miles per hour can be stopped in a braking distance of less than 104 feet. In support of this argument, defendant cites Hopkins v. Highland Dairy Farms Co., 348 Mo. 1158, 159

S.W.2d 254, where the court did take judicial notice that skid marks of 90 feet showed that plaintiff was driving faster than 30 miles per hour.[1]

The second part of defendant's argument in this respect is based on plaintiff's testimony that he saw defendant start into the intersection when he, the plaintiff, was "just a little bit farther than half a block from the intersection". Defendant points out that judicial notice has been taken that a city block, absent any contrary evidence, is a distance of about 300 feet. Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73, 76; Hamell v. St. Louis Public Service Co., Mo.App., 268 S.W.2d 60, 64. Defendant then asks this court to judicially notice that plaintiff's admission that he saw defendant entering the intersection when plaintiff's car was half a block away, means that plaintiff had 150 feet to stop; and defendant asks us to hold as a matter of judicial notice that plaintiff should have been able to stop his automobile well within that distance if his speed had actually been at the speed limit of only 30 miles per hour.

■■ There are two interrelated but independent objections to that whole line of argumentation. In the first place, defendant requests the taking of judicial notice in this court for the first time. He completely failed to make such a request of the trial court. Even though judicial notice be taken of a fact, the opposing party has a right to offer rebuttal evidence. The failure by defendant to make his request in the trial court improperly deprived plaintiff of that opportunity. As stated in Jackson v. Cherokee Drug Co., Mo.App., 434 S.W.2d 257, l. c. 264:

"A fact judicially noticed is not conclusive, however, and may be rebutted as any other fact in evidence. Scheufler v.

Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359. Proper procedure would suggest that counsel should call matters of judicial notice to the attention of the trial court during the trial in order that opposing counsel might have opportunity to offer rebuttal testimony."

See also Randall v. St. Albans Farms, Inc., Mo.Sup., 345 S.W.2d 220.

■■ The second and even more fundamental objection to defendant's argument based on judicial notice, is that the taking of judicial notice does not have the conclusive effect demanded by defendant and therefore cannot convert a question of fact into a pure question of law. Defendant's argument would be sound under the law of some jurisdictions and under the rule favored by some legal writers. See annotation "Reception of evidence to contradict or rebut matters judicially noticed." 45 ALR2d 1169. However the rule consistently followed in this State is that judicial notice is not conclusive and the fact of which notice is taken is subject to refutation. Thus, in English v. Old American Insurance Co., Mo.Sup., 426 S.W.2d 33, l. c. 41, the court held:

"The taking of judicial notice of a matter in the sense proposed is but a prima facie recognition of it and does not foreclose its rebuttal by the other party. Scheufler v. Continental Life Ins. Co., 350 Mo. 886, 169 S.W.2d 359; Brock v. American Central Life Ins. Co., Mo. App., 44 S.W.2d 200; 56 Dickinson Law Review 464 (1952), 'Judicial Notice and Rebutting Evidence'."

Similarly, in Scheufler v. Continental Life Ins. Co., Mo.Sup., 169 S.W.2d 359, l. c. 365, it was held:

" 'Taking judicial notice does not import that the matter is indisputable. It is not

---

[1]. Parenthetically, however, it should be observed that the ultimate ruling in the Hopkins case was simply that the evidence in question warranted the submission of the issue to a jury. That decision does not necessarily mean that the length of the skid conclusively proved violation of the 30 miles per hour speed limit.

necessarily anything more than a prima facie recognition, leaving the matter still open to controversy. It is true, as regards many of the things which are judicially noticed, that they cannot well be supposed to admit of question, * * * but the doctrine covers much else.' Thayer, Preliminary Treatise On Evidence, p. 308."

Therefore, even if we take judicial notice of the matters requested by defendant, under the Missouri law as set forth in the foregoing cases the facts noticed are only presumptively correct, and the issues involved remain questions of fact, rather than being changed into questions of law. Accordingly, the doctrine of judicial notice does not militate against the issue of plaintiff's excessive speed being submitted to the jury for determination.

 Defendant advances the further argument that there was no substantial evidence that plaintiff was driving within the speed limit and that consequently, the plaintiffs failed to make a submissible case. The fallacy of this argument is that the burden of proof on this issue of contributory negligence rested upon defendant, not upon the plaintiff. Moore v. Kopp, Mo. Sup., 400 S.W.2d 176; Stegall v. Wilson, Mo.App., 416 S.W.2d 658. There was no necessity for plaintiffs to introduce any evidence on this issue, substantial or otherwise. Even absent any evidence on this issue by the plaintiffs, it was properly submitted to the jury for its determination as to whether to accept defendant's evidence. The law in this State on this subject was settled long ago in the leading case, Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 1. c. 561, which holds that a jury is not bound to accept the evidence of the party having the burden of proof even though that evidence stands uncontradicted. The Cluck case has been consistently followed. See for example, an additional leading case Woehler v. City of St. Louis, 342 Mo. 237, 114 S.W.2d 985, 987, citing and quoting from the Cluck opinion.

## II

Defendant's next complaint is that the trial court improperly commented on the evidence. The incident in question arose in connection with defendant's offer of certain photographs showing vehicles parked on the east side of Ashland Avenue. Up to the time that the pictures were offered, only two witnesses had testified with respect to the presence of automobiles in that area, and both of those witnesses had testified that there were no such vehicles. The last witness who had testified on the subject was Officer Glenn, who had been called by defendant. On receiving the pictures in evidence, the trial court advised the jury that trucks and automobiles shown in the pictures were not there immediately following the collision. Then the following exchange occurred between defendant's counsel and the court: "Mr. Koerner: According to Mr. Glenn's testimony. The Court: According to your witness's testimony". Defendant claims this comment to be prejudicial, because subsequently during the trial defendant testified there had been such vehicles present at the time of the accident.

 Even if the above comment by the court constituted error, it is not reviewable here because no claim of error has been properly preserved by the defendant. The rule applicable to this situation is stated in 53 Am.Jur. "Trial", § 92, p. 84, as follows:

"It is the general rule that prejudicial remarks in the course of a trial made by the court must be seasonably objected to * * *, in the absence of which the question will not ordinarily be reviewed on appeal."

Moreover, the further rule is stated in 5 Am.Jur.2d "Appeal and Error", § 622, p. 80:

"The ordinary rule that complaints of trial errors must be raised and reserved

below before they will be considered on review has frequently been applied to instances of complaint based on conduct or statements of the trial court in the course of trial."

The foregoing principles are followed in Missouri. In State ex rel. State Highway Commission v. Lancaster, Mo.App., 472 S.W.2d 49, l. c. 51–52, the court held:

"The other point raised on appeal, arising out of this occurrence, was directed to the prejudicial effect of the comment made by the court at the same time the objection referred to above was overruled. The comment was: 'We have been speculating all afternoon.' It is, of course, improper for a trial court to indicate any opinion as to the weight or sufficiency of the evidence, and if a proper objection had been made at this time to the court's comment, we would have had to determine whether prejudicial error had been committed. But to this statement by the court, no objection appears in the record. Since no objection or request of any kind was made, the alleged error is not preserved for appellate review. Southall v. Columbia Nat. Bank, Mo.App., 244 S.W.2d 577, 583[9]."

See also to the same effect, Keyte v. Parrish, Mo.App., 399 S.W.2d 601, 605; Berkstresser v. Finnell, Mo.App., 181 S.W.2d 37; Southall v. Columbia National Bank, Mo.App., 244 S.W.2d 577, 583.

### III

■ Defendant next complains that the court below erred in refusing to permit defendant's counsel to inquire of a police officer as to the speed limit on Ashland Avenue where the accident occurred. The parties had already stipulated that the applicable speed limit was 30 miles per hour. In view of that stipulation, there was no error in excluding the cumulative evidence of the police officer. The general rule as stated in 53 Am.Jur. "Trial", § 105, p. 94, is that the trial court is not bound to take time to hear evidence offered in proof of an admitted fact. The further rule is stated in the same work, § 106, p. 94, that a judgment will not be reversed because of refusal to admit evidence which tends to establish a fact which is conceded.

If there was any error in connection with the exclusion of this cumulative evidence, such constitutes harmless error. Coulter v. Bi-State Development Agency, Mo.App., 434 S.W.2d 793, 798; Wilson v. Frankel, Mo.App., 61 S.W.2d 363.

### IV

■ Defendant's final point is that the court below erred in overruling defendant's motion for new trial because plaintiff was guilty of contributory negligence as a matter of law, plaintiffs failed to make a submissible case, and "the verdict is against the overwhelming weight of substantial evidence." This point is identical with point I except for the addition of the quoted portion. That addition presents nothing for view in this court. The weight of the evidence is a question solely for the jury, subject only to correction by the trial court. It is not within the function of an appellate court to say whether the verdict is against the weight of the evidence. Neavill v. Klemp, Mo.Sup., 427 S.W.2d 446; Hoevelman v. Reorganized School District, Mo.App., 452 S.W.2d 298; Parker v. Wallace, Mo.App., 473 S.W.2d 767.

The judgment is affirmed.