Romald R. LINDSEY,
Plaintiff–Respondent,

v.

Raymond PETTUS et al.,
Defendants–Appellants.

No. 41706.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 12, 1980.

Paul F. Niedner, Niedner, Moerschel, Ahlheim, Bodeux & Lockett, St. Charles, for defendants–appellants.

Paul E. Fitzsimmons, Fitzsimmons & Fitzsimmons, Inc., Clayton, for plaintiff–respondent.

GUNN, Presiding Judge.

The automobiles of plaintiff–respondent and defendant–appellant collided head–on near the center line of a rural road in Lincoln County. Each party blamed the other, with defendant and his wife filing a counterclaim for their damages against plaintiff. The jury trial resulted in the classic dog fall–verdict for defendant on plaintiff's petition; verdict for plaintiff on defendant's counterclaim and wife's claim for loss of consortium. Only defendant and his wife have appealed, raising a host of alleged trial errors. We affirm.

At the outset, we note that there was an abundance of legal representation, each side having the services of two attorneys–one each for the claim for damages and one each to defend the claim of the other.

Defendant's first point argues that he was compelled to use a peremptory strike to remove a juror who should have been struck for cause. The record does not support this contention. After the attorneys had made their strikes before the jury was finally impaneled, one of the jurors informed the trial court that he was acquainted with the son and daughter–in–law of one of the defense counsel. The prospective juror indicated that he would have no difficulty in rendering an impartial decision despite the fact that the son and daughter–in–law were locked in a bitter marital dispute. Nevertheless, the trial court asked defense counsel: "Do you want to change your strikes?" The defense attorney replied that he did and wanted to reinstate a venireman who had been struck. The request was approved. There was also no response from defense counsel to trial court inquiry if there was anything further re-

garding the jury selection process. There was no request to have any venireman challenged for cause or for any other relief. There was no evidence that the defendant was forced to expend a peremptory challenge; hence, there was no error by the trial court. *State v. Goree*, 546 S.W.2d 785 (Mo.App.1977). In fact, defendant's counsel raised no objection at all to the trial court's handling of the matter. Certainly the trial court was not required to strike the venireman on its own motion. *State v. Dodson*, 595 S.W.2d 59 (Mo.App.1980); *State v. Gamache*, 519 S.W.2d 34 (Mo.App.1975).

■ Appellant's second point simply states: "Defendant's Exhibit G was erroneously excluded from evidence". Without stating wherein and why the trial court erred, this point is patently in violation of Rule 84.04(d) and preserves nothing for review. *Thummel v. King*, 570 S.W.2d 679, 685 (Mo. banc 1978).

Defendant next complains that the trial court erroneously submitted Instruction Number 6, plaintiff's contributory negligence instruction, which reads:

Your verdict must be for plaintiff on the counterclaims of both Raymond Pettus and Myrtle Louise Pettus if you believe:

First, defendant Raymond Pettus drove on the wrong side of the road, and

Second, defendant, Raymond Pettus was thereby negligent, and

Third, such negligence of defendant Raymond Pettus directly caused or directly contributed to cause any injuries and damages defendants may have sustained.

Defendant asserts that the use of the word "drove" was improper in this case because the evidence was that if the defendant was on the wrong side of the road at all, he *skidded* there and did not "drive" there. He cites *McIntyre v. Whited*, 440

S.W.2d 449 (Mo.1969), and *Strickland v. Barker*, 436 S.W.2d 37 (Mo.1969), as support for his position. Defendant overlooks, however, the fact that this view was expressly overruled by *Friederich v. Chamberlain*, 458 S.W.2d 360, 366 (Mo. banc 1970), which points out that "drove" may be an apt characterization of a skid situation.

When *Friederich* was decided, however, MAI 17.13 specified that "Defendant drove on the wrong side of the road" was the proper submission. This was revised in 1973 to read "Defendant was on the wrong side of the road at the time of collision," but the "at the time of collision" language was found to cause difficulty under some circumstances. *See Pittock v. Gardner*, 530 S.W.2d 217 (Mo. banc 1975); *McCroskey v. Marshall*, 519 S.W.2d 717 (Mo.App.1975). Then in 1977, MAI 17.13 was again revised to its present form: "Defendant was on the wrong side of the road." The Notes on Use following MAI 17.13 (1977 revision) state *inter alia* :

This instruction is applicable both where the collision occurs on the wrong side of the road and where the collision occurs with the defendant on the correct side of the road but is caused by the defendant having driven on the wrong side of the road. This is the applicable instruction in both skidding and non–skidding cases.

Furthermore, the Committee's Comment regarding the 1977 revision to MAI 17.13 notes that, "skidding is a circumstance which the jury can consider in connection with all other facts and circumstances in deciding whether defendant was negligent."

■ It appears, therefore, that "Defendant was on the wrong side of the road" was the instruction called for in this situation by the MAI and Rule 70.02(b) to the exclusion of any other instruction on the same subject.[1] Rule 70.02(c) provides that when an applicable MAI instruction is not used, failure to do so constitutes error, "its prejudi-

---

1. Plaintiff's verdict directing instruction on his claim for damages did properly utilize the cur-

rent MAI 17.13 containing the "was on the wrong side of the road" language.

cial effect to be judicially determined." We find no prejudicial error.[2]

■ A test for judicially determining the prejudicial effect of a deviant MAI instruction, which is not otherwise unfavorable to the opposing party, is whether it places a greater burden on the party submitting it than would the conforming MAI instruction. *Wagoner v. Hurt*, 554 S.W.2d 587, 590 (Mo.App.1977); *Curators of University Missouri ex rel. Shell–Con, Inc. v. Nebraska Prestressed Concrete Co.*, 526 S.W.2d 903 (Mo.App.1975). Here a reasonable jury would likely demand more evidence to find that defendant "drove" in the wrong lane than to conclude merely that defendant "was" in the wrong lane. It remains, however, that the jury must determine, regardless of whether the instruction is "drove" or "was", that the defendant's *negligence* was what caused him to be on the wrong side of the road. Our impression, and the Comments and Notes on Use previously mentioned support our view, is that the revision of MAI 17.13 was made to permit the use of one common instruction in wrong side of the road cases, furthering the MAI goal of standardizing jury instructions. The crucial determination for the jury is whether the defendant was negligent. Plaintiff's verdict director–Instruction 6–made that manifest.

We find that a heavier burden not inconsistent with the evidence was assumed by the plaintiff in this case. Therefore, no prejudicial error resulted from the giving of plaintiff's verdict director.

By finding in this case that the deviation from MAI 17.13 has not resulted in prejudicial error, we absolutely do not condone departure from the clear mandate of Rule 70.02 that an applicable MAI instruction excludes all others. Wise counsel will therefore carefully refrain from asserting this case as precedent for the use of "skid" when "was" is appropriately required in the application of MAI 17.13.

■ Defendant next professes that plaintiff's counsel misquoted a state trooper's testimony as to the location of skid marks.[3] "Ten times," defendant's counsel vociferates, the "blatant misrepresentations" were made. But apparently the statements, if indeed misrepresentations, were not so "glaringly offensive and prejudicial"[4] as to attract the attention of either of defendant's attorneys, as no objection was made to plaintiff's counsel's argument. By failing to object, defendant has waived his complaint. And under the circumstances, we find no manifest injustice or miscarriage of justice to invoke plain error under Rule 84.13(c). *Blevins v. Cushman Motors*, 551 S.W.2d 602 (Mo. banc 1977).

Defendant's final point also places a trust in plain error–Rule 84.13(c)–and relates to a fault in the burden of proof instruction. That instruction contains reference by numbers to the contributory negligence instructions submitted by the plaintiff and defendant. However, the order of the contributory negligence instructions was inadvertently reversed, i.e., the number of defendant's contributory negligence instruction was inserted in the place of plaintiff's similar instruction and vice versa. None of the four trial attorneys nor the trial judge noticed the mistake. Nor did either of the defendant's two attorneys make note of the error in the motion for new trial. It is first presented in this appeal.

■ Rule 84.13(c) declares that plain errors affecting substantial rights may be considered on appeal, even though defectively preserved for review, if a "manifest injustice" or a "miscarriage of justice" has resulted. After reviewing the evidence in

---

**2.** Interestingly, both defendant's verdict directors incorrectly use the "*drove* on the wrong side of the road" language which he has decried.

**3.** The trooper testified that he noted skid marks from defendant's automobile in plaintiff's lane. Defendant seeks to emphasize that plaintiff has exaggerated the trooper's testimony as to the location of the skid marks. In view of our ruling the trooper's testimony is of no significance.

**4.** *See State v. Clark*, 412 S.W.2d 493, 497 (Mo. 1967); *State v. Thompson*, 531 S.W.2d 63, 66 (Mo.App.1975).

light of the totality of the circumstances, we find no plain error resulted from the misreferences in this case. The burden of proof instruction, although containing the contributory negligence instruction numbers in reverse order, explicitly states that the burden of providing contributory negligence is on the party asserting such a defense. The evidence, the arguments and the other instructions clearly presented the issues. The jury could not have been substantially distracted by the misreferences in the instruction. *Cf. Welch v. Hyatt*, 578 S.W.2d 905, 915 (Mo. banc 1979) (no plain error resulting from misreference in instruction).

Finding no reversible error, we affirm the judgment.

STEPHAN and PUDLOWSKI, JJ., and LACKLAND H. BLOOM, Special Judge, concur.