Terry L. FIESER and Jodi Fieser, Plaintiffs–Appellants,

v.

James S. SNYDER, Defendant–Respondent.

No. 56545.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 28, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 27, 1990.

Application to Transfer Denied Nov. 20, 1990.

---

James P. Krupp, Daniel Gauthier, St. Louis, for plaintiffs-appellants.

Joseph M. Kortenhof, St. Louis, for defendant-respondent.

SATZ, Presiding Judge.

This action is based upon a collision of two motor vehicles. Plaintiffs are husband and wife, Mr. and Mrs. Fieser. Mr. Fieser sued defendant for his personal injuries caused by the collision, and Mrs. Fieser sued defendant for loss of consortium. Defendant counterclaimed for damages to his vehicle.

The jury assessed Mr. Fieser's total damages as $10,000.00 and found him to be 90% at fault. It returned a verdict against Mrs. Fieser on her consortium claim and returned a verdict in favor of defendant on his counterclaim, assessing his property damages as $470.00. The trial court entered judgment. Plaintiffs appealed. We affirm.

Plaintiffs do not question the sufficiency of the evidence. We briefly summarize it in the light most favorable to the verdicts.

Prior to the collision, defendant was driving a Jeep north, on a gravel road, which was about 16 feet wide. Plaintiff was driving a three wheeled all-terrain-vehicle south on that road. At the location of the accident, the road curved.[1] When defendant was midway through the curve, he saw two three-wheeled vehicles approaching him. Plaintiff's vehicle was one of these two. The two three-wheeled vehicles were side by side, and plaintiff's vehicle was in defendant's lane. Defendant braked his Jeep and turned to the right, to no avail. Plaintiff's vehicle and defendant's Jeep collided "dead center in [defendant's] lane."

Officer Lloyd Vitt, a state highway patrolman, investigated the accident and testified about skid marks he found on the road. Plaintiffs challenge the admissibility of Officer Vitt's testimony.

Prior to trial, plaintiffs filed a Motion in Limine seeking to prevent Officer Vitt from using his police report, from testifying about the position of the vehicles at the time of impact and, generally, from testify-

---

1. The record does not show the direction of the curve.

ing about "the scene of the accident." The court ruled that Officer Vitt could not testify about a diagram he had included in his report. On the other issues raised in the Motion, the court said: "As to what he gets into on the stand, he's entitled to have his notes in front of him or whatever. I'll listen to the phraseology of the question and I'll listen to your objection if any is made."

On appeal, plaintiffs' challenge to Officer Vitt's testimony is neither clear nor explicit. As we understand it, plaintiffs argue that Officer Vitt should not have been allowed to testify about what he found at the accident scene. Plaintiffs contend that Officer Vitt arrived about two hours after the accident and interviewed only defendant and his friends. Plaintiffs also argue the evidence showed that a lot of traffic, both pedestrian and vehicular, passed through the area before Officer Vitt arrived. Thus, according to plaintiffs, Officer Vitt's "testimony was irrelevant, immaterial, plain error and invaded the province of the jury."

During the trial, plaintiffs failed to object to Officer Vitt's testimony about skid marks. In order to preserve their Motion in Limine to Exclude Evidence for our review, plaintiffs were required to object when the evidence was proffered at trial. *Williams v. Enochs*, 742 S.W.2d 165, 168 (Mo. banc 1987).

An *ex gratia* review of plaintiffs' argument, however, reveals no error. The facts emphasized by plaintiffs do not make Officer Vitt's testimony inadmissible. Operative facts are relevant if they tend to prove a fact in issue. *Ransom v. Adams Dairy Co.*, 684 S.W.2d 915, 917 (Mo.App. 1985). And, the trial court has discretion to determine what operative facts meet this test. *Riney v. Zenith Radio Corp.*, 668 S.W.2d 610, 611 (Mo.App.1984).

Evidence of the skid marks here tends to show where the collision occurred. Whether subsequent traffic around the area may have damaged the road or the skid marks goes to the weight of Officer Vitt's testimony, not its admissibility. Plaintiffs were allowed the opportunity to show the skid marks may have been caused by other traf-

fic. The jury, obviously, did not accept plaintiffs' explanation of where the collision occurred.

Plaintiffs also appear to argue that some combination of Officer Vitt's testimony, the testimony of other witnesses, plus the statements and arguments of defendant's counsel suggested that Officer Vitt was an expert in accident reconstruction, and this had the effect of him testifying to the exact point of impact of the vehicles. We disagree.

Officer Vitt's testimony was that he saw and measured two sets of skid marks on the road. Both sets of skid marks were on the east side of the road. He drew a diagram on a chalk board and testified the skid marks were "on the right-hand side of the road for the north bound driver." Defendant was driving north. Thus, Officer Vitt did not testify the accident occurred on defendant's side of the road, but merely testified about the existence of skid marks which tend to locate the vehicles on the road. Even a lay witness may testify about perceptible facts which tend to show where an accident occurred. *See Watts v. Handley*, 427 S.W.2d 272, 275 (Mo.App.1968).

Plaintiffs also contend the trial court erred in allowing defendant to read a part of plaintiffs' pleadings to the jury. Plaintiffs sued defendant, Yamaha International Corp., Yamaha Motor Corporation, U.S.A., and Donelson Cycles, Inc. Before trial, plaintiffs settled against all parties except defendant here.

At trial, over plaintiff's objection, defendant was allowed to read the following portion of plaintiffs' petition:

7. That at the time said Tri–Moto was designed, manufactured, sold and/or distributed by Defendant, Yamaha, Yamaha, U.S.A. and/or Donelson Cycles it was in a defective and unreasonably dangerous condition, when used in a manner reasonably anticipated, in that its design caused the Tri–Moto to skid, slid [sic] and/or swerve to the operator's left when the operator made a right turn on a hard surface thereby creating an unrea-

sonably dangerous situation for the operator of the Tri–Moto when attempting to turn and avoid obstacles.

On appeal, plaintiffs argue this was error, citing *Manahan v. Watson*, 655 S.W.2d 807, 809–810 (Mo.App.1983).

■ This argument, however, was not included in plaintiffs' motion for a new trial and, thus, has not been preserved for appeal. Rule 78.07; *Kunce v. Breen*, 671 S.W.2d 23, 26 (Mo.App.1984). Plaintiffs ask us to review for plain error. We have done so and find no manifest injustice. *Id.*

Next, plaintiffs argue they were prejudiced in their defense against defendant's counterclaim by the alleged trial court errors we have previously discussed. Since we found these alleged errors created no prejudice, this argument of plaintiffs has no merit.

■ Plaintiffs also argue that the damages award was against the weight of the evidence. We do not review the weight of the evidence. *Veach v. Chicago and N.W. Transportation Co.*, 719 S.W.2d 767, 769 (Mo. banc 1986).

■ Finally, plaintiffs contend the verdict in favor of defendant and against Mrs. Fieser on her consortium claim is inconsistent with the verdict in favor of Mr. Fieser on his personal injury claim. However, plaintiffs failed to raise this issue of inconsistent verdicts in the trial court before the jury was discharged. Plaintiffs failure to do so waived any complaint about alleged inconsistent verdicts. *Douglass v. Safire*, 712 S.W.2d 373, 374 (Mo. banc 1986).

Judgment affirmed.

SMITH and GRIMM, JJ., concur.